## THOMAS LARKIN, APPELLANT, v. SAMUEL C. STEELE, RESPONDENT.

*Taxation of costs by the clerk — his power is spent upon the first application — Order to show cause returnable in less than eight days at a Special Term — cannot be made by a county judge.*

An order having been made at a circuit putting off the trial of the action and requiring the defendant to pay costs, the parties, upon a notice served by the plaintiff, appeared before the clerk who refused to tax the costs claimed by the plaintiff on the ground that his affidavits were defective. Thereafter the plaintiff upon new affidavits and upon notice to the defendant again applied to the clerk for a taxation of his costs.

*Held*, that the power of the clerk was exhausted on the first application, and that he had no power to entertain the second application without a special order of the court.

Under section 780 of the Code of Civil Procedure a county judge cannot make an order, requiring a party to show cause why an application should not be granted, which is returnable in less than eight days at a Special Term of the Supreme Court. An order shortening the term of service can only ,be made by the court before which the order is returnable or a judge thereof.

APPEAL from an order of the Monroe Special Term setting aside the taxation, by the clerk, of the plaintiff's costs, which the defendant was required to pay by the terms of an order made at the circuit, as a condition of putting off the trial of the cause on his

application. The order provided "that said cause go over the term, and that the defendant, as a condition, pay to the plaintiff the costs of the term, including his witnesses fees and disbursements for this term; and it is ordered that the same be taxed by the clerk upon the usual notice."

*J. D. Decker*, for the appellant.

*Thomas Raines*, for the respondent, submits without argument or points.

SMITH, P. J.:

The Special Term held the taxation void on the ground that the clerk had exhausted his power under the order. It appeared that the parties had appeared before the clerk in pursuance of a previous notice served by the plaintiff, for the purpose of attending the taxation of the costs, but on that occasion the plaintiff's affidavit in support of the items for witnesses fees was held by the clerk to be defective and insufficient, by reason of a clerical error in substituting the word "distances" for "residences," and on that ground he refused to tax the costs. The plaintiff acquiesced in the decision and brought the matter before the clerk by the service of another notice of taxation, and on that occasion the defendant's attorney objected that the clerk had exhausted his power on the first application, but the clerk overruled the objection and taxed the costs, the plaintiff having then presented a sufficient affidavit. We think the Special Term held correctly that the clerk's power was spent, and that he could not entertain a second application to tax the costs without a special order of the court. If the plaintiff could harass the defendant with a second application he could continue the process as often as his papers were found defective. The Special Term, in granting the defendant's motion, very properly authorized the clerk to tax the costs on another application to be made by the plaintiff on notice.

There is another question in the case raised by a preliminary objection taken by the plaintiff. The motion to set aside the taxation was brought on at Special Term upon an *ex parte* order to show cause, etc., within less than eight days after the service of the

papers, which order was granted by the county judge of Monroe. The plaintiff objected preliminarily that the county judge had no power to make the order, and the objection was overruled. We are inclined to think the objection good. Under section 780 of the Code of Civil Procedure a notice of motion must, in general, be served at least eight days before the time appointed for the hearing, unless " the court or a judge thereof " makes an order to show cause, etc., shortening the time. If that section controls, the power is confined to the court in which the action is pending, or a judge of that court. It is understood from the revisers' notes that that section was intended to have just that effect. (Throop's Notes of the Revisers' of the Statutes; Code of Remedial Justice, chaps. 1–13, § 780.) By section 402 of the old Code, the order might be made by " the court or judge," and under that section the power was exercised by county judges in actions pending in this court.

It may be suggested that sections 241 and 772 of the new Code give the power in question to county judges. Doubtless, if there were no other provisions on the subject, those sections would have that effect. But we think the true construction is, that those sections, being general in their scope, are controlled by the special provisions of section 780 in respect to orders to show cause. The practice of shortening, by order, the time for serving a notice of motion was introduced by the Code, as amended in 1851. Before that time it was not known. Under the practice that existed before the Code, motions were required to be noticed for the first day of term by a notice of at least eight days. A shorter notice was not provided for, but notice might be given for a later day in the term, on sufficient cause shown in the affidavits served. (Supreme Court Rules, July, 1847, Rule 56.) As the practice is a creature of the Code, there is the more reason for supposing that it was intended to be regulated by the only section of the Code which specially relates to it, and that if that section apparently conflicts with the general provisions in the preceding sections already referred to, the special enactment is to control. Technically, therefore, the preliminary objection ought to have been sustained; but it would have been competent for the Special Term while doing so to have retained the motion, as the parties were before it, on such. terms as might have been thought proper.

We think a like disposition of the matter may well be made now, and we reverse so much of the order appealed from as overruled the preliminary objection that the order to show cause was void, and as imposed costs of the motion upon the plaintiff, and affirm the residue of said order, without costs of this appeal to either party, the result being that the taxation appealed from is set aside, and the plaintiff is at liberty to apply to the clerk to tax his costs *de novo*.

Hardin and Haight, JJ., concurred.

So ordered.